IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| WILLIAM QUILES<br>LORRY QUILES, | : | BANKRUPTCY NO.: 5:05-bk-58427-JJT |
| DEBTORS | : | |
| WILLIAM QUILES<br>LORRY QUILES, | : | {**Nature of Proceeding**: Debtors' Amended Motion to Recover Previously Undistributed Funds Paid to the Chapter 13 Trustee (Doc. #49)} |
| MOVANTS | : | |
| vs. | : | |
| CHARLES J. DeHART, III, ESQUIRE<br>STANDING CHAPTER 13 TRUSTEE, | : | |
| RESPONDENT | : | |

# OPINION

The Debtors, William and Lorry Quiles, have filed a Motion to Compel the Chapter 13 Trustee to turnover undistributed funds to them. The fund consists of $1066.25 presumably existing in the possession of the Chapter 13 Trustee on the date that the Debtors converted their case to Chapter 7 on October 12, 2009. The Chapter 13 Trustee responded with new matter indicating that he had disbursed the funds in question on November 9, 2009 as part of his monthly disbursement, retaining but $55.45 as his commission. Trustee's Objection at ¶ 16, Doc. #44. After this matter was preliminarily addressed in Court, the Debtors filed an Amended Motion reciting these facts and again asking that I compel the Chapter 13 Trustee to pay $1066.25 to the Debtors.

The issues raised by these facts have recently been addressed by my colleague, the Honorable Mary D. France, in the case of *In re Michael*, 436 B.R. 323 (Bankr. M.D. Pa. 2010), *aff'd DeHart v. Michael*, – F.Supp.2d –, 2011 WL 1226985 (M.D.Pa., April 4, 2011). Judge

France found dispositive the holding of our Circuit Court in *Bobroff v. Continental Bank (In re Bobroff)*, 766 F.2d 797 (3d Cir.1985), which concluded that assets acquired by the debtor after the 13 petition was filed belonged to the debtor and are not property of the estate. This determination was codified in 1994 when Section 348(f) of the Bankruptcy Code was enacted. I agree with the determination made in *In re Michael*. I hold that § 348(f) confirms the right of the Debtors to receive the funds in the hands of the Trustee.

The Debtors' concerns, however, are not so easily addressed since the Chapter 13 Trustee has retained only the $55.45 representing his commission. For unexplained reasons, the Chapter 13 Trustee chose to ignore the provisions of 11 U.S.C. § 348(e), which terminated his service upon conversion. Almost one month after conversion to Chapter 7, the Chapter 13 Trustee disbursed $1010.80 pursuant to the superceded plan. I can speculate that I retain the power to direct the Trustee to recapture that fund from the payees. Nevertheless, that is not what the Debtors are requesting. They simply want me to direct the Trustee to pay them the funds that formerly existed in the Debtors' account on the date of conversion. Since it is apparent that those funds have been substantially dissipated, the Debtors' claim appears to sound in tort.

The case of *In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171 (3d Cir.1996) addressed the bankruptcy jurisdiction of tort claims against a Trustee occurring after the date of Chapter 7 conversion. Succinctly, our Circuit Court concluded that a Bankruptcy Court has no jurisdiction over such events. ("Surely not every suit against a trustee, regardless of how tenuous its connection to a bankrupt estate, automatically confers jurisdiction simply because the trustee is named as a party."). *Id.* at 1182.

Applying this holding to the facts in front of me, I fail to see how an adjudication of the controversy between the Debtors and the Trustee will enhance the estate, accrue to the benefit of the creditors, or protect an exemption claim of the Debtors. Further, it does not affect the

administration of the estate since it occurred after the Chapter 13 Trustee substantially consummated his administration. More specifically, this issue neither arises in or arises under this bankruptcy case. Core matters must necessarily affect the distribution of estate property or concern estate administration. *Id.* at 1182. Recovery of money judgments by debtors against trustees, do neither. I also cannot say that the outcome of this proceeding would have any conceivable effect on the estate which would give me jurisdiction because it would be termed a "related" proceeding under 28 U.S.C. § 157(a). *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984).

The parties argue that I should adjudicate this matter because of the overarching policy considerations implicated by reason of the involvement of these principals in the case, i.e., Debtors and Trustee. This argument was essentially addressed and discounted in *In re Guild and Gallery Plus, Inc.*. Bankruptcy jurisdiction is not based on the convenience of the parties.

While I am prepared to grant the Debtors' Motion, in part, and order the turnover of $55.45 that remains with the Trustee, I will deny further relief to the Debtors without prejudice to them bringing their claim before the appropriate tribunal.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: April 11, 2011

[K:\Cathy\Opinions-Orders filed 2011\5-05-bk-58427_Quiles.pdf]   3

Case 5:05-bk-58427-JJT   Doc 58   Filed 04/11/11   Entered 04/11/11 10:32:10   Desc
Main Document   Page 3 of 3